IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3-09-00298 |
| v. | ) |
| | ) |
| PATRICK RESHAWN | ) |
| MERRIWEATHER | ) |

O R D E R

Pursuant to the order entered August 19, 2010 (Docket Entry No. 20), a hearing was held on August 20, 2010, on the defendant's motion to amend conditions of release[1] (Docket Entry No. 18), at which time the motion was DENIED, as provided herein.

The defendant was convicted in the Eastern District of Oklahoma of access device fraud, in violation of 18 U.S.C. §§ 1029(a)(4) and 2, and, on December 10, 2009, was sentenced to a 24 month term of probation, at least six months of which were to be spent on home detention with the use of an electronic monitoring device at the discretion of the Probation Office. See Docket Entry No. 4-2. Jurisdiction was transferred to this District on December 23, 2009. A Petition to revoke the defendant's probation was filed on July 28, 2010, alleging that the defendant had violated the terms of his probation by committing another crime, by failing to cooperate in the collection of DNA, by failing to maintain verifiable employment, and by failing

---

[1] Although the motion was styled a motion to amend conditions of pretrial release, it was really a motion to amend conditions of the defendant's release pending a hearing on the Petition to revoke the defendant's probation.

to follow the instructions of the probation officer, specifically, the rules of home confinement. See Docket Entry No. 7.

After the defendant's arrest on the warrant issued pursuant to the order entered July 28, 2010, the defendant appeared before the Magistrate Judge for an initial appearance in accord with Rule 32.1 of the Federal Rules of Criminal Procedure. The government did not file a motion for detention and the defendant was released, pending a hearing on the Petition, on conditions of release, including the conditions of his probation already imposed and a special condition that he reside at Diersen Charities, a halfway house. After discussion and agreement of the government, the defendant was permitted to attend classes and take final exams at Vol State July 30, 2010, and August 2-6, 2010, subject to advance approval by his Probation Officer. See order entered July 29, 2010 (Docket Entry No. 13). The defendant did not raise any issue about attending classes for the fall semester at Vol State at that time.

A hearing on the Petition is now scheduled on October 20, 2010, pursuant to the order entered August 12, 2010 (Docket Entry No. 17).

The defendant now seeks a modification of the July 29, 2010, order to permit him to attend classes at Vol State for the fall semester, for which he would be required to register by August 20, 2010.

Paige Merriweather, the defendant's sister, age 20, testified that she lives with her mother, four year old nephew, and unemployed 25 year old brother. She explained that she is also attending Vol State and that, although the defendant does not have a car, she and her brother can transport the defendant to classes. She testified that the defendant seeks to enroll as a part-time student, taking Basic Math and Writing II classes, and that she will be taking one

of those classes with him. She advised that the teachers would know when and if the defendant was in class and that there are instructors in the computer lab who can verify his attendance. In addition, when the defendant is in the computer lab, the computer system can confirm that he is in fact there because the system automatically signs users off after a few minutes if they are not actively using the computer.

Liberty Lander-Dyer, the defendant's Probation Officer, testified on behalf of the government, that she did not believe that the relaxation of the defendant's conditions would be "workable" based on the defendant's prior conduct. She described the defendant's violations of the conditions of his probation, specifically occasions when the defendant left his home or came home late without prior approval, and that Kenny Westmoreland, one of the defendant's teachers, had advised her that there was a 3-1/2 week period when the defendant did not attend classes without her knowledge. She was particularly troubled by the fact that, even after the defendant had been alerted by the Secret Service that it was investigating him for new criminal activity, the defendant left his home on two occasions without permission--once to go to Cool Springs and another time to go to his father's home in Antioch.

Ms. Lander-Dye also related that Mr. Westmoreland advised her that he would not be able to provide written assurance that the defendant was in the computer lab when he said he was, and that she was not willing to rely on the computer sign on and off information since it was not "fool proof." In addition, she related that Bob Green, the Director of Diersen Charities, advised that his policy was to permit school attendance but only if there is no break between classes. Ms. Lander-Dyer also reported that the defendant received a disciplinary report on August 13, 2010, for gambling while at the halfway house.

3

Defendant's counsel argued that there is no indication that his attendance at school will interfere with or inhibit his appearing in court as directed or his not being a danger to the community. She also maintained that a condition allowing the defendant to attend school would direct his attention to "something more positive," and that, according to Monograph 110, entitled "Judicial Officer's Reference on Alternatives to Detention and Conditions of Release," published by the Office of Probation and Pretrial Services of the Administrative Office of the United States Courts, an educational program as a condition of release can "ensure that the defendant's time is occupied in responsible activity to reduce the risks of nonappearance and criminal activity." In contrast, counsel argued that just "sitting around at the halfway house" is not productive.

In response, counsel for the government noted that, although furthering his education is laudable, the goal was not rehabilitation but rather community safety and reasonable assurance that he will comply with conditions of his release, given his prior violations of the conditions of his probation. However, counsel for the government also noted that the concern was not the defendant's school attendance in and of itself but rather the fact that his classroom attendance, particularly in the computer lab, is not structured and thus not easily verified. He represented that, if the defendant can develop a different plan, the Probation Officer would entertain any alternative proposal.

Although the Court agrees with the defendant that "sitting around" the halfway house would seem to be the least productive use of his time, upon review of the defendant's conditions of probation, the Court determined that it was unable to modify the conditions of the defendant's release as the defendant requested. The relevant portion of the terms of the defendant's probation is:

4

> The defendant shall work regularly at a lawful occupation, <u>unless excused by the probation officer</u> for schooling, training, or other acceptable reason.

See Docket Entry No. 4-2, at 2, ¶ 5 (emphasis added).

That condition appears to vest discretion in the Probation Officer to exempt the defendant from working (or attempting to find work) for school or any other reason. Therefore, a condition of the defendant's probation remains that he must work or attempt to find work. If the Probation Officer or the government believe that such a condition is inappropriate, a motion to change the terms of his probation can be filed. If the defendant believes that the conditions of his probation should be modified to allow him to attend school, whether or not approved by his Probation Officer, the defendant can file a motion. However, although additional conditions of release pending a hearing on the Petition can be imposed as long as they do not conflict with or abrogate the conditions of probation, the Magistrate Judge has no authority to modify the terms of the defendant's probation. Therefore, unless the Probation Officer agrees to exempt the defendant from working so that he can attend school, the terms of his probation require that the defendant "work regularly at a lawful occupation."

The defendant remains on the conditions of release provided by the order entered July 29, 2010 (Docket Entry No. 13), which incorporates all previously imposed conditions of his probation.

Any party aggrieved by this order may seek review as provided in 18 U.S.C. § 3145.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

5